# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARY PENTONY, | ) |
|          Plaintiff, | ) |
|    vs. | ) CAUSE NO. 2:09-CV-363-JVB-PRC |
| | ) |
| VALPARAISO DEPARTMENT OF PARKS | ) |
| AND RECREATION and LEATHERS AND | ) |
| ASSOCIATES, INC., formerly operating as | ) |
| ROBERT S. LEATHERS AND ASSOCIATES, | ) |
|          Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on (1) a Motion for Additional Time to File Answer and Motion in Opposition to Plaintiff's Motion for Entry of Default [DE 7], filed by Defendant Valparaiso Department of Parks and Recreation on January 13, 2010; and (2) a Motion for Order of Default [DE 8], filed by Plaintiff on January 13, 2010.

Plaintiff filed her Complaint on October 29, 2009, against Defendant Valparaiso Department of Parks and Recreation ("Valpo Parks") and Leathers and Associates, Inc., formerly operating as Robert S. Leathers and Associates. A summons was issued as to the Valpo Parks on October 29, 2009. On January 12, 2010, Plaintiff filed a Motion for Default Judgment as to Valpo Parks without first seeking a clerk's entry of default. The same day, Valpo Parks filed the instant Motion for Additional Time, and subsequently, Plaintiff filed the instant Motion for Order of Default. The return receipt filed with the Motion for Order of Default shows that Valpo Parks received the Complaint on November 5, 2009. On January 26, 2010, Valpo Parks filed an untimely Answer without leave of Court. Plaintiff filed a response to the Motion for Additional Time on January 27, 2010, and Valpo Parks filed a reply in support of the Motion for Additional Time and in opposition to the Motion for Default on February 1, 2010.

In its motion, Valpo Parks asks the Court for an additional twenty days in which to file an Answer to Plaintiff's Complaint, up to and including February 2, 2010. Insurance defense counsel for Valpo Parks represents that local counsel for Valpo Parks directed Valpo Parks' staff to forward the Complaint to the insurance carrier but that staff failed to do so. At that time, local counsel believed that the matter had been forwarded as directed; however, insurance defense counsel never received a copy of the Complaint until January 13, 2010. Insurance defense counsel represents that once Valpo Parks became aware of the filing of the Motion for Default Judgment, it immediately contacted insurance defense counsel, who then filed the instant motion the day after the Motion for Default Judgment. Valpo Parks asserts that it has a meritorious defense to Plaintiff's claim as a governmental subdivision entitled to certain immunities and defenses under the laws of the State of Indiana. Valpo Parks' further asserts that its mistake was not in any way willful or intentional, that it constitutes excusable neglect, and that it will not prejudice Plaintiff. Plaintiff has not articulated any prejudice she will suffer because of this short delay.

Because the Motion for Additional Time was filed after the time had expired for Valpo Parks to file an Answer, the motion is governed by Federal Rule of Civil Procedure 6(b)(B), which provides that the Court may extend the deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(B). The Court finds that Valpo Parks has demonstrated excusable neglect for failing to file an Answer within the time period allowed.

In addition, at the time the Motion for Additional Time was filed, Plaintiff's Motion for Default had not yet been filed, and, thus, there is no clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) against Valpo Parks. However, the Court nevertheless finds that Valpo

Parks would satisfy the requirements for vacating an entry of default, if one had been entered. Federal Rule of Civil Procedure 55 provides, "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for default; (2) quick action to correct it; and (3) meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotation marks omitted); *see also Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). In this case, Valpo Parks acted quickly by filing this motion the day after the Motion for Default Judgment was filed. Valpo Parks has further stated the basis of its meritorious defense and has sufficiently explained the reason for the delay.

Accordingly, the Court hereby **GRANTS** the Motion for Additional Time to File Answer and Motion in Opposition to Plaintiff's Motion for Entry of Default [DE 7] and **DENIES as moot** the Motion for Order of Default [DE 8]. Because the Court has now granted the Motion for Additional Time, the Court **ACCEPTS** as properly and timely filed Valpo Parks' Answer [DE 12], which was initially filed without leave of Court.

The pending Motion for Default Judgment [DE 5] will be addressed by Judge Joseph Van Bokkelen.

SO ORDERED this 2nd day of February, 2010.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT

cc: All counsel of record