# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| MARY PENTONY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:09-CV-363 JVB |
| | ) |
| VALPARAISO DEPARTMENT OF | ) |
| PARKS AND RECREATION and | ) |
| LEATHERS AND ASSOCIATES INC., | ) |
| formerly operating as ROBERT S. | ) |
| LEATHERS AND ASSOCIATES, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for leave to amend her complaint (DE 53). Defendants have responded, objecting to the motion. Plaintiff has not filed a reply.

**A.    Background and Facts**

According to her original complaint, Plaintiff was injured on June 23, 2008, while playing with her grandson on a slide in a park in Valparaiso, Indiana. In Count I, she claims that Defendant Valparaiso Department of Parks and Recreation (Valparaiso) was negligent in the ownership, management, maintenance, operation, inspection, repair and control of the slide, that it failed to warn Plaintiff of dangerous conditions at the park, and that it failed to establish and enforce safe rules for the park. In Count II, she alleges that Valparaiso breached its duty to properly construct, maintain and repair the slide. In Count III she alleges that Valparaiso, as the designer and/or installer of the slide, breached its duty to design a playground that was fit for

use, to make design improvements and correct defects in the playground equipment, and to discover defects and notify playground users of defects.

Counts IV and V pertain to Leathers and Associates Inc. In Count IV Plaintiff alleges that Leathers, as the builder and/or installer of the slide, breached its duty to properly construct, maintain and/or repair the slide on which Plaintiff was injured. In Count V she alleges that Leathers, as the designer and/or installer of the slide, breached its duties to make design improvements and correct defects in the playground equipment, and to discover defects and warn users of the equipment.

Leathers filed a motion for summary judgment on May 9, 2011, asserting that all Plaintiff's claims against it are barred by the statute of limitations applicable to products liability actions. Leathers maintains that because Plaintiff's suit was brought more than ten years after the delivery of the slide to the initial user, the action is untimely. On June 23, 2011, Valparaiso also moved for summary judgment.

During a telephonic scheduling conference with the parties on June 14, 2011, the Court noted that Plaintiff had not properly alleged the citizenship of all the parties in the complaint. Specifically, the complaint describes Plaintiff is a resident of Wisconsin, but fails to allege her citizenship. It also omitted Defendant Leathers' principal place of business. The Court directed Plaintiff to file an amended complaint to correct these deficiencies.

On July 21, 2011, Plaintiff moved to amend her complaint to include claims that Leathers failed to establish proper safety rules, to warn, and to maintain the playground. Instead of attaching a copy of the proposed amended complaint to the motion as Northern District of Indiana Local Rule 15-1 requires, Plaintiff filed a completely rewritten complaint without

waiting for the Court's ruling on the motion to amend. The rewritten complaint once again alleges that Plaintiff is a resident of Wisconsin but fails to disclose the state of her citizenship.

**B.     Discussion**

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend a complaint when justice so requires. Plaintiff states in her motion to amend that on April 13, 2011, during the deposition of John Seibert, she first discovered evidence that Leathers had a continuing duty to ensure that the playground equipment on which Plaintiff was injured complied with national safety standards, to establish proper safety rules, and to warn of safety rules.

At the preliminary pretrial conference on April 21, 2010, Magistrate Judge Cherry set a July 15, 2010, deadline for any amendments to the pleadings. Plaintiff admits that she discovered the evidence supporting the claims she would add in the proposed amended complaint on April 13, 2011, yet she waited to file her motion until July 21, 2011, after both Defendants had filed summary judgment motions on the basis of the original complaint, and more than a year after the amendment deadline had expired. Allowing the amendment now could require reopening discovery and continuance of the trial date (currently set for April 2, 2012) as well as a new round of summary judgment motions. Under these circumstances the Court determines that justice requires denial of Plaintiff's motion.

**C.     Conclusion**

For the foregoing reasons the Court DENIES Plaintiff's motion to amend her complaint

(DE 53). The Clerk of the Court is directed to STRIKE Plaintiff's purported amended complaint (DE 55) from the docket. Plaintiff is ORDERED to file amendments to Paragraphs 1 and 3 of her original complaint to name the state of her *citizenship* and the state of incorporation and the principal place of business of Defendant Leathers. No other amendments to the complaint are permitted without leave of Court.

SO ORDERED on January 18, 2012.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge